UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Pine River Plastics, Inc.,                                  Case No. 07-42051
                                                            Chapter 11
                    Debtor.                                 Hon. Phillip J. Shefferly
_____/

**ORDER DENYING EX PARTE MOTION FOR AUTHORITY TO LIMIT
SERVICE OF COMBINED PLAN AND DISCLOSURE STATEMENT**

On November 2, 2007, the Debtor filed a first amended combined plan and disclosure statement. On the same day, the Debtor filed an ex parte motion for authority to limit service of combined plan and disclosure statement (docket entry #845). The motion alleges that Class III claimants consisting of the allowed claims of general unsecured creditors will not receive a distribution under the plan and, therefore, pursuant to § 1126(g) of the Bankruptcy Code, such class is deemed to have rejected the plan. The motion then requests that the Debtor be excused from having to serve Class III claimants with the combined plan and disclosure statement.

As authority for its request, the Debtor relies upon Fed. R. Bankr. P. 3017(d). Fed. R. Bankr. P. 3017(d) provides that upon approval of a disclosure statement, "except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders," the plan proponent shall mail to all creditors and equity security holders the plan or a court approved summary of the plan, and the disclosure statement approved by the Court. The Class III claimants in this case do not comprise an "unimpaired class" of creditors within the meaning of § 1124 of the Bankruptcy Code. It is true that the unsecured creditors comprising Class III will receive no distribution under the plan on account of their allowed claims and, therefore, are deemed

to have rejected the plan under § 1126(g) of the Bankruptcy Code. However, far from making that class unimpaired and thereby creating a basis to excuse the Debtor from having to serve them with a copy of the plan and disclosure statement under Fed. R. Bankr. P. 3017(d), such facts heighten, not lessen, the need for such claimants to be served with a copy of the plan and disclosure statement. It is not the fact that an unimpaired class is deemed to have accepted a plan under § 1126(f) that provides the rationale for the exception in Fed. R. Bankr. P. 3017(d) regarding service upon them. Rather, it is the fact that they are not impaired by the terms of the plan and, therefore, no purpose would be served by requiring service upon them. On the other hand, even though a class of creditors is deemed to have rejected a plan under § 1126(g) when they are not entitled to receive a distribution under it, such fact does not prevent any of the creditors within such class from objecting to the plan. The exception created by Fed. R. Bankr. P. 3017(d) that excuses the requirement of service upon an unimpaired class simply does not apply to the Class III claimants who are significantly impaired by the terms of the Debtor's plan.

In the Court's view, Fed. R. Bankr. P. 3017(d) requires service of the plan and disclosure statement upon Class III claimants. While the Court appreciates the fact that this may cause the Debtor to incur substantial expense, it is an expense that is required by Fed. R. Bankr. P. 3017(d) with respect to all creditors except for those creditors who are within an unimpaired class of creditors under the plan.

The Debtor's motion also requests that the Court dispense with the requirement under Fed. R. Bankr. P. 3020(c)(2) that notice of entry of the order of confirmation be sent to all creditors, equity holders and other parties in interest. The Court is not persuaded that there is an exception within that rule nor any basis to excuse compliance with that rule. Generally, a request to excuse

compliance with notice and service requirements is stronger when it pertains to a party that is not affected by the relief granted in a plan and disclosure statement. Where the relief granted in a disclosure statement and plan do affect a creditor, such as by extinguishing its claim without any distribution, the need is greater, not lesser, for notice and service of process. Accordingly,

IT IS HEREBY ORDERED that the Debtor's ex parte motion for authority to limit service of combined plan and disclosure statement is denied.

**Signed on November 13, 2007**

                                                    **/s/ Phillip J. Shefferly**
                                             **Phillip J. Shefferly**
                                           **United States Bankruptcy Judge**